# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

TIMOTHY JEROME MASSEY,

    Plaintiff,

v.

KYLE GRIMES,

    Defendant.

CIVIL ACTION NO.: CV215-021

### ORDER

As detailed below, Plaintiff has failed to follow this Court's directives to provide required filing fee forms and has failed to update the Court on his current mailing address. Therefore, the Court cannot effectively administer this case. Consequently, the Court hereby **DISMISSES** this action without prejudice, and **DENIES** Petitioner leave to appeal in forma pauperis.

**BACKGROUND**

Plaintiff, seeking to proceed in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. At the time he filed this suit, Plaintiff was detained at the Glynn County Detention Center. Id. By Order dated April 28, 2015, the Court advised Plaintiff of the Prison Litigation Reform

Act's procedures and requirements for filing and litigating prison civil rights suits. Dkt. No. 3. The Court granted Plaintiff leave to proceed in forma pauperis, and instructed him to sign and return the Consent to Collection of Fees from Trust Account Form and the Prisoner Trust Fund Account Statement. Id.

The Court emphasized that Plaintiff must return these forms within thirty (30) days from the date of the Order in order to proceed with this action. Id., at p. 3. Moreover, the Court made clear that if Plaintiff did not timely respond to the Order, "the Court will presume that Plaintiff desires to have this lawsuit voluntarily dismissed, and the Court will dismiss Plaintiff's case without prejudice." Id.. Additionally, the Court forewarned Plaintiff, that "[w]hile this action is pending, [he] shall immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case, without prejudice." Id.

For several weeks following that Order, Plaintiff failed to submit the Consent to Collection of Fees Form or the Prisoner Trust Fund Account Statement. However, on May 26, 2015, Plaintiff submitted a Notice of Change of Address. Dkt. No. 4. Accordingly, by Order dated July 16, 2015, the Court directed the Clerk of Court to send Plaintiff the required forms at his new address. Dkt. No. 5. The Court ordered Plaintiff to complete these forms and return them to the Court within thirty

days. Id. The Court once again made clear that should Plaintiff fail to timely return these forms, the Court would presume "**that Plaintiff does not intend to pursue this action and will dismiss this case without prejudice.**" Id. (emphasis in original). The Clerk of the Court mailed a copy of that Order, the Court's prior Order, as well as the Consent to Collection of Fees Form and the Prisoner Trust Fund Account Statement to Plaintiff at his new address. However, those mailings have now been returned to the Court as undeliverable. Dkt. Nos. 6, 7.

**DISCUSSION**

**I. Dismissal For Failure to Prosecute and Follow This Court's Orders**

This Court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash Railroad Company, 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff that his failure to return the required forms and his failure to notify the Court of his change of address would result in dismissal of this action. (Doc. 3, p. 3.)

with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).

By contrast, dismissal <u>without</u> prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802-03.

While the Court exercises its authority to dismiss cases with caution, dismissal is appropriate in the case at hand. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service). Without a proper address for Plaintiff, the Court has no means to adjudicate the merits of his claims. Moreover, the Court gave Plaintiff several opportunities to return the Consent to Collection of Fees from Trust Account Form and the Prisoner Trust Fund Account Statement, and he failed to do so. Furthermore, the Court specifically advised Plaintiff that failing to keep the Court apprised of his address and failing to return the required forms would result in the dismissal of this case. Despite these warnings, Plaintiff has failed to comply with this Court's Orders. Accordingly, his claims are **DIMISSED WITHOUT PREJUDICE**.

## II. Leave to Appeal In Forma Pauperis

The Court also **DENIES** Plaintiff leave to appeal in forma pauperis. Though Petitioner has, of course, not yet filed a

notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. An appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to comply with this Court's Orders, there are no non-frivolous issues for him to raise on appeal, and any appeal he might take in this case would not be taken in good faith.

## CONCLUSION

For the above-stated reasons, the Court **DISMISSES** this action, without prejudice, and the Clerk of Court is directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, the court **DENIES** Plaintiff leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this ____1____ day of __September__, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA